IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 03 C 8988 ) ) Judge Ronald A. Guzmán |
| DARLAN E. GORDON, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The Securities and Exchange Commission ("SEC") brought this action to enforce a final decision ordering Darlan E. Gordon to disgorge $300,000.00. The case is before the Court on the SEC's motion to strike Gordon's answer. For the reasons provided below, the motion is granted.

### Background

On February 25, 2000, the SEC issued an initial decision finding Gordon and others guilty of violating Section 17(a) of the Securities Act of 1933 ("Securities Act") in connection with a fraudulent scheme to lease U.S. Treasury Bills. *See In re Euro-Atl. Secs., Inc.*, S.E.C. Initial Decision No. 161, 2000 WL 217912, at *19 (Feb. 25, 2000). Among other things, the decision held Gordon and his colleagues jointly and severally liable for a disgorgement amount of $300,000.00. *Id.* at *20-21.

Neither Gordon nor the SEC sought review of the initial decision. Thus, on March 30, 2000, the decision became final. *See* 17 C.F.R. §§ 201.360(b), (d), 201.410(b) (stating that initial decision becomes final if neither respondent nor SEC seeks review within twenty-one days); *In re Gordon*, S.E.C. Release No. 42599, 2000 WL 1206204, at *1 (Mar. 30, 2000) (giving notice that review

period had elapsed and initial decision had become final).

On December 15, 2003, the SEC filed this application for an order enforcing the final decision. Gordon filed an answer, arguing that the decision should not be enforced because he did not take part in, or benefit financially from, any securities fraud and he is unable to pay the amount sought.

## Discussion

Federal Rule of Civil Procedure ("Rule") 12 permits the Court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading. FED. R. CIV. P. 12(f). Motions to strike are generally disfavored and will only be granted if the plaintiff can prove that the defense is insufficient and could not succeed, even upon a more fully developed record. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

The "defenses" Gordon raises in his answer, that he did not commit or benefit from any securities fraud and cannot pay the disgorgement amount, address the merits of the SEC's decision, not its enforceability. Gordon had the opportunity to litigate those defenses in the administrative process. *See* 17 C.F.R. § 201.320 (stating that hearing officer may receive any evidence that is relevant to enforcement proceeding); *id.* § 201.630(a) (stating that evidence of inability to pay may be offered in any proceeding in which disgorgement may be ordered). Moreover, if he was unhappy with the SEC's decision, Gordon could have appealed it to the Seventh Circuit. *See* 15 U.S.C. § 77i ("Any person aggrieved by an order of the Commission may obtain a review of such order in the court of appeals of the United States . . . within sixty days after the entry of such order . . . .") Having failed to do so, however, Gordon may not attack the merits of the SEC's decision in this Court. *See Mister Disc. Stockbrokers, Inc. v. SEC*, 768 F.2d 875, 876 (7th Cir. 1985) ("[F]inal orders of the

[SEC] are reviewable only in the United States Courts of Appeals.").[1]

Stripped of its merits arguments, Gordon's answer raises no defenses to the SEC's order. The SEC's motion to strike Gordon's answer and enforce the final decision is, therefore, granted.

### Conclusion

For all of the reasons set forth above, the Court grants the SEC's motion to strike Gordon's answer [doc. no. 1]. The Court also grants the SEC's application to enforce its final decision of March 30, 2000 and orders Gordon to pay to the SEC $300,000.00 disgorgement plus prejudgment interest from August 28, 1995 through the last day of the month preceding the month in which full payment of disgorgement is made.[2]

SO ORDERED.                    ENTERED: 3/17/05

RONALD A. GUZMAN
United States District Judge

---

[1] This Court also lacks the power to extend Gordon's time for filing a petition for review of the SEC's order. *See* 15 U.S.C. § 77i (requiring petitions for review to be filed with the appellate court).

[2] According to the federal regulations "[p]rejudgment interest shall be due on any sum required to be paid pursuant to an order of disgorgement" and shall run "from the first day of the month following [the violation on which the order is based] through the last day of the month preceding the month in which payment of disgorgement is made." 17 C.F.R. § 201.600; *see In re Euro-Atl. Secs., Inc.*, 2000 WL 217912 at *8 (finding that violation of the Securities Act occurred on August 28, 1995).

3